# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| G H X INDUSTRIAL L L C | CASE NO. 6:19-CV-01552 |
| VERSUS | JUDGE JUNEAU |
| SERVCO HOSE AND SUPPLY L L C ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM ORDER

Before the Court are Plaintiff's Amended Motion to Expedite Discovery (Rec. Doc. 31) and Second Amended Motion to Expedite Discovery (Rec. Doc. 32). Plaintiff filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. (Rec. Doc. 2). The Court denied Plaintiff's Motion for Temporary Restraining Order, and initially set a hearing on Plaintiff's request for injunction for January 3, 2020. (Rec. Doc. 5). Plaintiff filed its initial Motion to Expedite Discovery in advance of the January 3 hearing. (Rec. Doc. 6). Thereafter the parties agreed to negotiate and implement a temporary stand down order, thereby continuing the injunction hearing. (Rec. Doc. 13; 15). The parties later agreed to re-set the injunction hearing for March 4, 2020. (Rec. Doc. 24). In the meantime, the parties were unable to agree to a stand down order. (See Rec. Doc. 30).

In a telephone status conference on January 27, 2020, the Court advised Plaintiff's counsel that the request set forth in the original Motion for Expedited Discovery was too vague, such that the Court was unable to provide a workable order

in advance of the March 4, 2020 preliminary injunction hearing. (Rec. Doc. 30). Thus, the Court ordered Plaintiff to file an amended motion setting forth "specific discovery they contend is needed including any SPECIFIC documents or tangible property that they would like to inspect." (Rec. Doc. 28) (emphasis in original). Plaintiff filed its first Amended Motion seeking permission to serve a certain number of requests for production and interrogatories and to depose up to two people. (Rec. Doc. 31). Because the first Amended Motion did not include any "specific documents or tangible property that they would like to inspect," the Court advised Plaintiff's counsel that the first Amended Motion did not comply with the Court's order.

Plaintiff filed a Second Amended Motion on February 3, 2020, setting forth essentially the same requests as in the first Amended Motion, with one additional paragraph requesting the following:

> GXS [sic] will be seeking the following documents in preparation for the preliminary injunction hearing:
>
> a. Any and all GHX property in defendants' possession including, but not limited to, pricing lists, customer lists, supplier information, and account lists;
>
> b. Any and all email communication sending GHX property, including, but not limited to, pricing lists, customer list, supplier information, and account lists;
>
> c. Any marking [sic] and/or business plan of Servco;
>
> d. Any invoices reflecting sales to B&B Oilfield Service; and

e. Any credit application made by Servco, including but not limited to a credit application to Texcel.

(Rec. Doc. 32, p. 2).

> Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit…have expressly utilized the "good cause" standard when addressing the issue. The good cause analysis takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made.

*ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016) (citations omitted).

"The party seeking expedited discovery has the burden of establishing good cause and the scope of the requests must be narrowly tailored to the necessary information they seek." *Id*.

The Court finds that Plaintiff may issue requests for "a. any and all GHX property in defendants' possession, including but not limit to pricing lists, customer lists, supplier information, and account lists;" and "b. any and all email communication sending GHX property, including but not limited to, pricing lists, customer list[s], supplier information, and account lists." Plaintiff's remaining requests, c. through e., are denied. Plaintiff did not establish good cause and failed to narrowly tailor the scope of these requests to seek only necessary information. Similarly, plaintiff has not indicated who it would like to depose and for what reason. By having agreed to a March 4, 2020 preliminary injunction hearing date, Plaintiff

has burdened itself with a short window for conducting ordinary discovery in advance of the hearing; however, that issue is beyond this Court's control. Accordingly,

IT IS ORDERED that Plaintiff's Amended Motion for Expedited Discovery (Rec. Doc. 31) is DENIED, and Second Amended Motion for Expedited Discovery (Rec. Doc. 32) is GRANTED IN PART AND DENIED IN PART.

Signed at Lafayette, Louisiana on this 5th day of February, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE